UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No.: 2:18-cr-0322-APG-BNW |
|---|---|
| Plaintiff, | **ORDER DENYING RENEWED MOTION FOR RELEASE PENDING SENTENCING** |
| v. | |
| THIEN DINH LE, | [ECF No. 82] |
| Defendant. | |

Defendant Thien Dinh Le again moves for release from custody pending his sentencing. I denied his prior motion for release and his motion that I reconsider that denial. Mr. Le's current motion is based on the COVID-19 pandemic.

Mr. Le was convicted of an offense under the Controlled Substances Act and faces a minimum term of imprisonment of 10 years. Thus, he must be detained pending sentencing. 18 U.S.C. § 3143(a)(2). However, 18 U.S.C. § 3145(c) provides an exception to the detention requirement if "it is clearly shown that there are exceptional reasons why [his] detention would not be appropriate" and if Mr. Le meets the conditions of 18 U.S.C. § 3143(a)(1).

No doubt, COVID-19 presents a risk to incarcerated people. Mr. Le suffers from various health problems, most relevant here a compromised immune system and lung damage. ECF No. 82 at 7. The Nevada Southern Detention Center (NSDC) where he is being held classifies him as "Chronic Care Level III" and a higher risk of contracting COVID-19. *Id.*

NSDC has systems in place to minimize the impact of the virus and to treat those who test positive for it. ECF No. 8 at 4-5. NSDC appears able to isolate and treat those infected, either internally or with outside help. Admittedly, this is no guarantee that Mr. Le will not be exposed to the virus. But there also is no guarantee that Mr. Le will remain virus-free if he is

released, even on home confinement. He could acquire the virus from family members or others he interacts with. And if Mr. Le is already infected, he could spread the virus to others. Notably, Mr. Le wants to be released so he can spend time with his family and elderly parents, who would be especially vulnerable to the virus.[1] ECF No. 82 at 6. If he has the virus, that puts them at risk, especially his elderly parents.

COVID-19 also presents a risk to citizens who are not incarcerated. Releasing Mr. Le requires him to be transported, which increases the risk of exposure for the U.S. Marshal's service (or his family members if he privately transports). And release increases the risk of exposure for pretrial services officers who would have to set up and continue monitoring him while on release.

Even if I considered a temporary release, I would require a 14-day quarantine before he leaves NSDC. Thus, he would be released at most only 11 days before his sentencing on July 21. While every day is precious, the benefits from that limited time out of custody are outweighed by the larger risks created by release.

Because Mr. Le has not demonstrated an exceptional reason not to detain him, his motion for release **(ECF No. 82) is denied.**

Dated: June 25, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] As I noted in my prior order, his elderly parents live in Connecticut, so releasing him would not satisfy his desire to see them, as travel outside California would likely be denied. *See* ECF No. 65 at n.1. If he traveled to Connecticut, he risks exposure to the virus or infecting others if he already has it.