1

BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER, ESQ.

2

Nevada Bar No. 3568

3

300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101

4

Telephone (702) 382-7300
Email: rpocker@bsfllp.com

5

6

Attorneys for Defendant
  THIEN DINH LE

7

8

UNITED STATES DISTRICT COURT

9

FOR THE DISTRICT OF NEVADA

10

11

UNITED STATES OF AMERICA,            )

12

                                     )
                Plaintiff,           )      Case No.: 2:18-cr-00322-APG-BNW

13

                                     )

14

v.                                   )
                                     )

15

THIEN DINH LE,                       )
                                     )

16

                Defendant.           )

17

_____)

18

19

**STIPULATION AND ORDER TO CONTINUE SENTENCING HEARING**
**(Fourth Request)**

20

        IT IS HEREBY STIPULATED AND AGREED, by and between Defendant THIEN

21

LE, by and through his attorney (Richard J. Pocker, Esq. of the law firm of Boies Schiller

22

Flexner LLP), and the Plaintiff UNITED STATES OF AMERICA (hereinafter, "the

23

Government"), by and through its attorney (Assistant United States Attorney Kevin Schiff,

24

Esq.), that the Sentencing Hearing in the present case be continued to a date at least ninety (90)

25

days from the present date set for sentencing, October 28, 2020.

26

        This Stipulation is entered into for the following reasons:

27

        1.      The present case is currently set for sentencing on October 28, 2020. The

28

present sentencing date was set in the Court's Order of July 21, 2020 (ECF No. 94)

1

1  rescheduling the sentencing hearing from July 22, 2020.  The Presentence Investigation Report

2  was disclosed on December 6, 2019, in anticipation of the prior February 4th sentencing

3  hearing.  Objections to the Presentence Investigation Report were filed on January 14, 2020, in

4  accordance with the Court's order approving a stipulation between the parties.  The United

5  States Probation Officer issued a revised Presentence Investigation Report on January 16, 2020.

6  On July 17, 2020, Defendant LE filed his Sentencing Memorandum, and the Government filed

7  its Response on July 20, 2020.

8        2.     Given the recommendations of the Presentence Investigation Report, and given

9  the unanticipated complexity of some of the differences between the parties as to calculation of

10  the appropriate Sentencing Guideline range for the present case and the applicability of the

11  statutory "Safety Valve" provisions to Defendant LE's situation, his Sentencing Hearing is an

12  extremely important event in his life, and it can only effectively be conducted in person.  An

13  extension of the sentencing date is hereby requested to and including a date no less than ninety

14  (90) days after October 28, 2020.  As the Court is painfully aware, the COVID 19 public health

15  crisis continues to have a devastating impact on American society, the world economy, and the

16  functions of the courts.  In the Court's Minute Order of July 16, 2020, setting Defendant LE's

17  sentencing for a video hearing on July 22, 2020, the Court made clear that any proceeding

18  going forward on that date would be a video or teleconferencing event, and that a critical

19  hearing such as the sentencing of Defendant LE would require that he consent to proceeding in

20  that manner, as opposed to an in-person hearing in the court room.  Given the importance of the

21  imposition of sentence, Defendant LE declines to consent to a video or telephonic sentencing

22  proceeding.  He instead desires that his sentencing hearing be continued and postponed to a

23  date and time upon which he can be safely transported to and physically present in the court

24  room to personally advocate and provide information in extenuation and mitigation.

25        3.     As the Court is also aware from prior direct correspondence from Defendant LE,

26  as well as multiple filings by him seeking release from pretrial and pre-sentencing confinement,

27  Defendant LE has numerous medical conditions which magnify his vulnerability to the

28  COVID-19 virus.  While the Court has declined to release Defendant LE from custody pending

1    imposition of sentence, it has acknowledged the medical risks he faces can be adequately

2    mitigated at his current site of detention.  This conclusion notwithstanding, the medical risks

3    attendant to Defendant LE's travel to and from Pahrump are risks he prefers not to undertake

4    under the present circumstances.  An additional ninety (90) day continuance of his sentencing

5    date is a reasonable accommodation to this risk.  Although Defendant LE has been detained for

6    almost two (2) years pending disposition of his case, his ultimate sentence in the present case is

7    unlikely to be less than this amount of time.

8           4.      In addition to the unresolved objections to the Presentence Investigation Report,

9    Defendant LE has filed a Sentencing Memorandum to assist the Court in determining the

10   appropriate sentence to impose.  The Government has responded, and also reserves the option

11   of filing a memorandum setting forth its sentencing arguments, or other suitable pre-sentencing

12   filings.  Any such memorandum has yet to be filed.

13          5.      Defendant LE is presently detained pending sentencing, and does not object to

14   this extension and continuance given the importance of resolving differences between the U.S.

15   Probation office, the Government and Defendant LE regarding "safety valve eligibility" and

16   other Sentencing Guidelines issues.  In fact, granting the present Stipulation will enable him to

17   more adequately prepare for what is anticipated to be a potentially complicated sentencing

18   hearing.  The COVID-19 public health crisis is also of concern to him given his vulnerable

19   health status, and he would prefer to wait until the risks attendant to his transportation to Court

20   can be mitigated.

21          6.      The additional time requested herein is not sought for purpose of delay, but

22   merely to allow counsel sufficient time within which to complete efforts relevant to making

23   their respective sentencing presentations in person before the Court, in this unexpectedly

24   complicated case, to insure that Defendant LE can be sentenced in person, and to protect the

25   medical safety of all participants given the COVID-19 public health crisis.  The requested

26   extension, in light of the October 28, 2020 sentencing date, will insure that the parties'

27   preparation is not adversely affected as to disposition of objections to the Presentence

28   Investigation Report and other matters to be addressed at the sentencing hearing.

7.     This is the fourth request to continue the sentencing hearing in the present case, other than rescheduling initiated by the Court.

DATED this 9th day of October, 2020.

BOIES SCHILLER FLEXNER LLP

By: /s/ Richard J. Pocker
    RICHARD J. POCKER, ESQ.
    Counsel for Thien Dinh Le

NICHOLAS A. TRUTANICH
United States Attorney

By: /s/ Kevin Schiff
    KEVIN SCHIFF, ESQ.
    Assistant United States Attorney

**<u>ORDER</u>**

Based on the pending Stipulation of counsel, and good cause appearing,

IT IS HEREBY ORDERED THAT the sentencing hearing in the present case be continued to ___January 27_____ ____, 2021 at __3:00 p.m. in courtroom __6C__.

DATED this _12th_ day of October, 2020.

_____
UNITED STATES DISTRICT JUDGE

4